**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

KATRINA HUGHEY,

        Plaintiff,

v.                                       Case No. 6:15-cv-840-Orl-37GJK

SHERIFF OF BREVARD COUNTY;
THE CITY OF INDIAN HARBOR
BEACH; GARY LYONS; MATTHEW
JANKOWSKI; and TIMOTHY
BRAMLETT,

        Defendants.
_____

**ORDER**

This cause is before the Court on the following:

1.      Plaintiff's Second Amended Complaint (Doc. 35), filed August 12, 2015;

2.      Defendant City of Indian Harbour Beach's Motion to Dismiss Count II of Plaintiff's Second Amended Complaint (Doc. 39), filed August 26, 2015;

3.      Motion to Dismiss Counts I and IV of Second Amended Complaint, with Prejudice, by Defendant Sheriff (Doc. 40), filed August 26, 2015;

4.      Motion of Defendant, Matthew Jankowski, to Dismiss Plaintiff's Second Amended Complaint (Doc. 46), filed September 3, 2015;

5.      Motion of Defendant, Timothy Bramlett, to Dismiss Plaintiff's Second Amended Complaint (Doc. 49), filed September 6, 2015;

6.      Plaintiff's Response to Defendants [sic] [Jankowski and Bramlett's] Motion[s] to Dismiss (Doc. 56), filed September 22, 2015; and

7.      Motion to Dismiss Count IV of Second Amended Complaint by Defendant

Gary Lyons (Doc. 61), filed October 8, 2015.

## BACKGROUND[1]

On April 27, 2013, Indian Harbor Beach Police Department Officers Matthew Jankowski and Timothy Bramlett (collectively, "**Defendant Officers**") processed the arrest of Metz Hughey ("**Decedent**") (Doc. 35, ¶ 9), who Defendant Officers allegedly knew had psychiatric problems and had previously been involuntarily committed under Florida's Baker Act (*id.* ¶ 11). During the arrest process, Decedent: was "visibly and obviously in great emotional and psychological distress" (*id.* ¶ 10); "repeatedly asked to be taken in for a mental health evaluation" (*id.* ¶ 13); and told Defendant Officers "over 20 times that he was suicidal and would commit suicide if taken to jail" (*id.* ¶ 12). Despite Decedent's "pleas for help," Defendant Officers arranged for Decedent to be transported to the Brevard County Jail and turned him over to Brevard County Sheriff's Office ("**BCSO**") Corrections Officer Gary Lyons ("**Defendant Lyons**"). (*Id.* ¶¶ 14–16, 21.)

To prepare for transportation, Defendant Lyons secured Decedent in handcuffs and leg shackles with a connection chain and put him in the back of a transport van. (*Id.* ¶¶ 22–24.) During transport, Decedent "strangl[ed] himself with the chains used to handcuff and shackle him." (*Id.* ¶ 17.) Decedent lost consciousness and was taken to Palm Bay Hospital, where he later died after his life support was terminated. (*Id.* ¶ 27.)

Nearly one year later, Plaintiff—Decedent's surviving daughter and personal representative of Decedent's estate—initiated this action. (*See* Doc. 2.) In her Second Amended Complaint, Plaintiff claims that: (1) the Brevard County Sheriff ("**Defendant**

---

[1] The facts set forth in this Order are taken from the Plaintiff's Second Amended Complaint (Doc. 35) and are construed in the light most favorable to Plaintiff. *See Hill v. White*, 321 F.3d 1334, 1335 (11th Cir. 2003).

**Sheriff**") and the City of Indian Harbour Beach ("**Defendant City**") are liable under Florida law for the wrongful death of Decedent; and (2) Defendant Officers and Defendant Lyons are liable under 42 U.S.C. § 1983 for their indifference to Decedent's known suicide risk. (Doc. 35.) Defendants individually move to dismiss the claims against them. (Docs. 39, 40, 46, 49, 61.) Plaintiff opposes only two of the five motions.[2] (*See* Doc. 56.)  The Court has already: (1) granted motions to dismiss the first iteration of the complaint for Plaintiff's failure to respond (Doc. 16, *see also* Docs. 9, 10); and (2) denied a second round of motions to dismiss as moot after granting Plaintiff's request to amend her first amended complaint (Doc. 34; *see also* Docs. 27, 28, 31, 32). Consequently, Plaintiff is now on the third iteration of her complaint (Doc. 35) without any substantive rulings on her allegations. Thus, while ordinarily the Court would grant the unopposed motions and dismiss without prejudice the claims addressed therein, the Court will address the merits of each motion in an effort to sort out Plaintiff's viable and non-viable claims.

## STANDARDS

Federal Rule of Civil Procedure 8(a)(2) provides that a claimant must plead "a short and plain statement of the claim." On a motion to dismiss pursuant to Rule 12(b)(6), the Court limits its consideration to "the well-pleaded factual allegations." *La Grasta v. First Union Sec., Inc.*, 358 F.3d 840, 845 (11th Cir. 2004). The factual allegations in the complaint must "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In making this plausibility determination, the Court must accept the factual allegations as true; however, this "tenet . . . is inapplicable to legal

---

[2] Plaintiff did not respond to Defendant Sheriff or Defendant Lyons' motions. Plaintiff did respond to Defendants City's motion (Doc. 57), but the Court struck it as an untimely filing (Doc. 58).

conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A pleading that offers mere "labels and conclusions" is therefore insufficient. *Twombly*, 550 U.S. at 555.

## DISCUSSION

The Court turns first to the § 1983 claims, as those claims are the basis for the Court's jurisdiction.[3]

### I.    42 U.S.C. § 1983 Against Defendant Officers—Count III

Plaintiff asserts a § 1983 claim against Defendant Officers in their individual capacities for their alleged violations of Decedent's Eighth Amendment rights, which allegedly led to Decedent's suicide. (Doc. 35, ¶¶ 44–48 ("**Count III**").) To prevail, Plaintiff must allege: (1) Defendant Officers' subjective knowledge of a substantial risk of serious harm; (2) Defendant Officers' "deliberate indifference" to that risk; and (3) a causal connection. *Hale v. Tallapoosa Cnty.*, 50 F.3d 1579, 1582 (11th Cir. 1995). Defendant Officers concede the first two elements but argue that Plaintiff fails to allege causation. (Doc. 46; Doc. 49.) The Court disagrees.

To establish causation for the claim against Defendant Officers in *their individual capacities*, Plaintiff must allege that Defendant Officers "were personally involved in acts or omissions that resulted in the constitutional deprivation." *Hale*, 50 F.3d at 182; *Zatler v. Wainwright*, 802 F.2d 397, 401 (11th Cir. 1986). To demonstrate such causation, Defendant Officers must have at least "recklessly disregarded the inadequacy of the approach [they] took, the availability of other approaches, and their capacity to provide a cure." *See LaMarca v. Turner*, 995 F.2d 1526, 1541 (11th Cir. 1993). Plaintiff's allegations

---

[3] Defendant Sheriff removed the action, which Plaintiff originally filed in state court, on the basis of federal question jurisdiction based on Plaintiff's federal civil rights claims under 42 U.S.C. § 1983. (Doc. 1.)

that Defendant Officers acted recklessly in failing to notify Defendant Lyons of Decedent's repeated threats to commit suicide (Doc. 35, ¶¶ 18, 45)—which was the proximate cause of Decedent's death (*id.* ¶ 19)—are sufficient to establish causation at this stage of the proceedings. Thus, Count III survives Defendant Officers' motions to dismiss.

## II.   42 U.S.C. § 1983 Against Defendant Lyons—Count IV

Plaintiff also asserts a § 1983 claim against Defendant Lyons in his official capacity for his alleged violation of Decedent's Eighth Amendment rights, which allegedly led to Decedent's suicide. (Doc. 35, ¶¶ 49–52 ("**Count IV**").) "[A] suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office." *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989). The Court, therefore, construes Count IV as a § 1983 claim against Defendant Sheriff. To prevail against Defendant Sheriff on behalf of Defendant Lyons in his official capacity, Plaintiff must allege: (1) Defendant Lyons' subjective knowledge of a substantial risk of serious harm; (2) Defendant Lyons' "deliberate indifference" to that risk; and (3) a causal connection. *Hale*, 50 F.3d at 1582–84. To establish causation in this context, Plaintiff must allege that Defendant Lyons' indifference resulted from "(1) an action taken or policy made by an official responsible for making final policy . . . ; or (2) a practice or custom that is so pervasive, as to be the functional equivalent of a policy adopted by the final policymaker." *Id.* at 1582 (citing *Church v. City of Huntsville*, 30 F.3d 1331, 1343 (11th Cir. 1994)).

Plaintiff sufficiently alleges that Defendant Lyons had subjective knowledge of the risk of harm, as Decedent "told [Defendant Lyons] that he would commit suicide." (Doc. 35, ¶ 50.) Plaintiff also alleges that Defendant Lyons was indifferent to the risk in

that he improperly shackled, restrained, and transported Decedent and failed to commit him under Florida's Baker Act despite his threats of suicide. (*Id.* ¶¶ 28, 50.) However, Plaintiff fails to adequately allege causation in this context. Plaintiff does not allege that Defendant Lyons' indifference resulted from a BCSO policy or a pervasive practice or custom. (*See id.*); *see also Hale*, 50 F.3d at 1582. Indeed, she alleges just the opposite— that Defendant Lyons actually failed to follow established policies and procedures of the BCSO. (Doc. 35, ¶¶ 28.) Even taking all allegations as true and construing them in the light most favorable to Plaintiff, *Hill*, 321 F.3d at 1335, Plaintiff fails to plead causation in Count IV. As such, Count IV is due to be dismissed.[4]

Because Count III remains, the Court will examine Plaintiff's state law claims.

### III.    Wrongful Death Against Defendant Sheriff—Count I

Plaintiff asserts a Florida negligence wrongful death claim against Defendant Sheriff in his official capacity, claiming that Defendant Sheriff is vicariously liable for Defendant Lyons' negligent failure to provide medical care to Decedent and "protect him from his known desire to commit suicide." (Doc. 35, ¶¶ 31–37 ("**Count I**").) The Court should first determine whether Plaintiff states a cause of action for negligence, and then determine whether sovereign immunity bars the action. *Wallace v. Dean*, 3 So. 3d 1035, 1044 (Fla. 2009). Thus, the Court must address two separate issues: (1) whether Defendant Sheriff—acting through his deputy, Defendant Lyons—owed Decedent a duty of care; and (2) if so, whether Defendant Sheriff is immune from Defendant Lyons'

---

[4] Plaintiff is already on her third iteration of the complaint and the deadline to amend pleadings was August 28, 2015. (Doc. 29.) The Court, therefore, declines to permit Plaintiff an opportunity to replead or amend the operative pleading.

allegedly tortious actions.[5] *Id.*

Under Florida law, Plaintiff must prove four elements to prevail on a negligence claim: (1) Defendant Lyons owed a legal duty to Decedent; (2) Defendant Lyons breached that duty; (3) the breach legally caused an injury to Decedent; and (4) as a result, Plaintiff suffered damages. *Janis v. Pratt & Whitney Canada, Inc.*, 370 F. Supp. 2d 1226, 1229 (M.D. Fla. 2005) (citing *Clampitt v. D.J. Spence Sales*, 786 So. 2d 570, 573 (Fla. 2001)). Florida courts "have found liability or entertained suits [under a theory of negligence] after law enforcement officers took persons into custody, otherwise detained them, deprived them of liberty or placed them in danger." *Kaisner v. Kolb*, 543 So. 2d 732, 734 (Fla. 1989) (collecting cases). "So long as [Decedent] was placed in some sort of 'custody' or detention, he [was] owed a common law duty of care." *Id.* (construing the term "custody" broadly).

Plaintiff clearly alleges that Decedent was in the "custody" or control of Defendant Lyons during transport. (*See* Doc. 35, ¶¶ 22–24, 34.) Thus, Defendant Sheriff—by way of Defendant Lyons—owed Decedent a duty of care arising under Florida common law. *See Kaisner*, 543 So. 2d at 734–35. Additionally, Plaintiff adequately pleads the remaining elements for a negligence claim: (1) Defendant Lyons breached his duty by shackling Decedent in a manner that allowed Decedent to use the chains to commit suicide, failing

---

[5] Defendant Sheriff's sole argument for dismissal of Count IV is that Defendant Lyons was not negligent because he was unaware of Decedent's threat of suicide. (Doc. 40, pp. 6–8.) This is not so. The allegations establish Defendant Lyons' personal knowledge of Decedent's threat of suicide. (*See* Doc. 35, ¶ 34 (alleging that "[Defendant] Lyons was told that the decedent was going to commit suicide by the decedent")). While Defendant Sheriff may dispute that allegation, for purposes of testing the sufficiency of the Second Amended Complaint, it is accepted as true. *Ashcroft*, 556 U.S. at 678. Defendant Sheriff's argument is, therefore, rejected.

to monitor Decedent during transport, and failing to involuntarily commit Decedent pursuant to the Baker Act (*id.* ¶¶ 33–34); (2) his breach "caus[ed] [Decedent] to expire" and "allow[ed] [] Decedent to commit suicide" (*id.* ¶¶ 29, 33–35); and (3) as a result, Decedent died and Plaintiff suffered injuries (*id.* ¶¶ 30, 37). The Court, therefore, turns to the question of sovereign immunity.

The State of Florida and its municipalities—although generally immune from tort liability—have waived their immunity "under circumstances in which the state or agency or subdivision, if a private person, would be liable to the claimant, in accordance with the general laws of [the] state." *Lewis v. City of St. Petersburg*, 260 F.3d 1260, 1262 (11th Cir. 2001) (citing Fla. Stat. § 768.28(1)). The waiver of sovereign immunity does not apply, however, "if the challenged acts of the state agent were 'discretionary' governmental acts rather than merely 'operational' ones." *Lewis*, 260 F.3d at 1262. An act is "operational" if it is "not necessary to or inherent in policy or planning, [but] merely reflects a secondary decision as to how those policies or plans will be implemented." *Id.* at 1265. An act is "discretionary" if it involves an "exercise of executive or legislative power such that, for the court to intervene by way of tort law would inappropriately entangle it in fundamental questions of policy and planning." *Id.* at 1264–65. To be deemed discretionary, an act must meet the following four conditions: (1) the act involves a basic governmental policy, program, or objective; (2) the act is essential to the realization or accomplishment of that policy, program, or objective; (3) the act requires the exercise of basic policy evaluations, judgments, and expertise on the part of the governmental agency involved; and (4) the governmental agency involved possesses the requisite constitutional, statutory, or lawful authority and duty to do or make the challenged act, omission, or decision. *Trianon Park*

*Condo. Ass'n Inc. v. City of Hialeah*, 468 So. 2d 912, 918 (Fla. 1985).

The challenged acts and omissions of Count I—Defendant Lyons' method of restraining and transporting Decedent—meet the first and fourth condition. Construing the first condition broadly, Defendant Lyons' act of shackling and restraining Decedent during transport at least indirectly involves some sort of policy to restrain detainees during transport for the safety of the officers and the public. *See Wallace*, 3 So. 3d at 1054 (finding that an officer's affirmative undertaking of aid in response to a 911 call "at least indirectly" involved the county's "basic policy decision to establish a 911 call-response system"). As to the fourth condition, Defendant Lyons was arguably lawfully authorized to restrain and transport Decedent. However, the second and third conditions are not met. As alleged, Defendant Lyons could have shackled, restrained, and transported Decedent in a more appropriate manner. (*See* Doc. 35, ¶ 28 (alleging that Defendant Lyons' failed to follow established procedures when restraining and transporting Decedent).) Moreover, Defendant Lyons' actions did not require basic policy evaluation or expertise. Plaintiff challenges *the manner* in which Defendant Lyons' carried out policies as opposed to the policies themselves. *See Kaisner*, 543 So. 2d at 737 (finding the challenged act was not discretionary when the "lawsuit merely ask[ed] the court[] to consider the way in which [a] basic policy [was] implemented, not its fundamental wisdom"). Thus, the acts and omissions of Defendant Lyons in question are operational, not discretionary, and Defendant Sheriff is, therefore, not immune from suit. Accordingly, Count I survives Defendant Sheriff's motion to dismiss.

## I.    Wrongful Death Against Defendant City—Count II

Plaintiff also asserts a Florida negligence wrongful death claim against Defendant

City, claiming that it is vicariously liable for the negligent acts of Defendant Officers. (Doc. 35, ¶¶ 31–37 ("**Count II**").) The Court employs the same analysis employed for Count I.

Plaintiff adequately states a cause of action for negligence on behalf of Defendant Officers. Plaintiff sufficiently alleges that Decedent was in the custody and control of Defendant Officers as they processed Decedent's arrest until they relinquished custody to Defendant Lyons. (*See* Doc. 35, ¶¶ 9, 15, 22.) Thus, Defendant City—by way of Defendant Officers—owed Decedent a duty of care arising under Florida common law. *See Kaisner*, 543 So. 2d at 734–35. Additionally, Plaintiff adequately pleads the remaining elements for a negligence claim: (1) Defendant Officers breached their duty by disregarding Decedent's pleas for help and suicide threats, failing to notify Defendant Lyons of Decedent's threats, and failing to involuntarily commit Decedent under the Baker Act (*id.* ¶¶ 14, 16, 18, 41); (2) their breach was the cause of Decedent's death (*id.* ¶¶ 29, 40); and (3) as a result, Decedent died and Plaintiff suffered injuries (*id.* ¶¶ 29, 40, 43). The Court, therefore, turns to the question of sovereign immunity.

The challenged acts and omissions of Count II—Defendant Officers' decision to disregard Decedent's suicide threats and pleas for help, failure to notify Defendant Lyons of Decedent's threats, and failure to commit Decedent—are operational, not discretionary. In light of Plaintiff's allegation that Defendant Officers failed to follow policies and procedures of the Indian Harbor Beach Police Department and chose not to tell Defendant Lyon's about Decedent's threats (Doc. 35, ¶ 18), the Court finds that it is again asked to consider *the manner* in which Defendant Officers carried out basic policies and handled their detention of Plaintiff rather than policies themselves. *See Kaisner*, 543 So. 2d at

737; *Lewis*, 260 F.3d at 1264. Thus, Defendant City is not entitled to qualified immunity and Count II survives Defendant City's motion to dismiss.

**CONCLUSION**

Accordingly, it is hereby **ORDERED AND ADJUDGED** that:

1.  Defendant City of Indian Harbour Beach's Motion to Dismiss Count II of Plaintiff's Second Amended Complaint (Doc. 39) is **DENIED**.

2.  Motion to Dismiss Counts I and IV of Second Amended Complaint, with Prejudice, by Defendant Sheriff (Doc. 40) is **GRANTED IN PART AND DENIED IN PART**.

    a.  To the extent that Defendant Sheriff seeks dismissal of Count IV, the motion is **GRANTED**.

    b.  In all other respects, the motion is **DENIED**.

3.  Motion of Defendant, Matthew Jankowski, to Dismiss Plaintiff's Second Amended Complaint (Doc. 46) is **DENIED**.

4.  Motion of Defendant, Timothy Bramlett, to Dismiss Plaintiff's Second Amended Complaint (Doc. 49) is **DENIED**.

5.  Motion to Dismiss Count IV of Second Amended Complaint by Defendant Gary Lyons (Doc. 61) is **GRANTED**.

6.  Gary Lyons is **TERMINATED** as a party to this action.

7.  The action will proceed on Counts I, II, and III only.

**DONE AND ORDERED** in Chambers in Orlando, Florida, on December 17, 2015.



ROY B. DALTON JR.
United States District Judge

Copies:

Counsel of Record